MORRIS STEEDLE, PROSECUTOR, v. CHARLES T. WOOLSTON, DEFENDANT.

Submitted July 3, 1915—Decided November 3, 1915.

1. Summons out of a small cause court must be read to the defendant, else the service is insufficient.
2. A copy of summons out of a small cause court showing no signature of the justice, is not a sufficient copy to leave with the defendant.

On *certiorari* to small cause court.

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *Francis J. Smith*.

For the defendant, *Joseph Beck Tyler*.

The opinion of the court was delivered by

PARKER, J. The question is whether there was a legal service of the summons in the small cause court. Prosecutor, who was defendant below, did not appear at the return of the summons and judgment was taken in his absence.

Our conclusion is that the summons was not properly served, and this on two grounds—*first,* that it was not read to the defendant. There is a conflict in the depositions on this point, and the constable testified that he had read it, but we think it satisfactorily appears by the testimony of the prosecutor and a disinterested witness, who was present at the time, that the constable asked prosecutor for a private interview, and defendant, evidently suspecting what he was there for, told him to "go ahead and speak his piece," or "I know all about it, it is all right; I am not ashamed of anything; go ahead and let's hear what you have to say;" whereupon the constable said, "since you know, I won't bother reading this paper," and handed him what purported to be a copy.

Under our decisions this is not a good service. The summons must be read. *Ayres* v. *Swayze,* 5 *N. J. L.* 812; *Rape* v. *Titus,* 11 *Id.* 314. If the defendant had refused to listen, or to remain to be served, the case would be different (*Slaght* v. *Robbins,* 13 *Id.* 340); but defendant neither refused to listen nor went away; on the contrary, he was quite ready to hear the paper read in presence of a stranger.

*Secondly,* the copy handed to defendant had no signature. On its face there was no indication before what justice the cause was pending. It is true that the name of the justice was printed on the endorsement, but the statute requires a copy to be left with the defendant, and what he received was a copy of an apparently unsigned, and, therefore, unissued, summons. Such a paper had no binding force.

For these reasons the judgment must be reversed.